

**FILED & ENTERED**

MAY 09 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bryant    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SHARON KAY KING,<br><br><br><br><br>Debtor(s). | Case No.: 2:16-bk-26635-WB<br><br>CHAPTER 13<br><br>**DECISION AND ORDER**<br><br>[No hearing required] |

    Before the Court is debtor Sharon Kay King's ("Debtor") *Response and Denial of Relief of Stay* (the "Motion") (Docket No. 49) filed February 24, 2017.[1] The Court finds that the Motion is actually a motion to reconsider two prior orders of the Court, the first is the Order (the "Stay Relief Order") (Docket No. 42) entered February 16, 2017 granting Platinum Property Holdings, Inc.'s motion for relief from stay (Docket No. 33) and the second is the Order (the "Dismissal Order") (Docket No. 43) entered February 16, 2017 dismissing Debtor's case with a 180-day bar to refiling. After considering the Motion and the Court's record, the Court makes the following findings of fact and conclusions of law.

---

[1] The Debtor is pro se.

**FACTS & PROCEDURAL BACKGROUND**

Debtor filed the instant chapter 13 petition on December 21, 2016. On January 23, 2017, creditor Platinum Property Holdings, Inc. ("Movant") filed a Motion for Relief from Stay ("Stay Relief Motion"). In the Stay Relief Motion, Movant sought to have the stay imposed by 11 U.S.C. § 362(a)[2] lifted so that it could continue prosecution of an unlawful detainer complaint in state court to obtain possession and control of Debtor's residence (the "Property") following Debtor's default on her home loan and a foreclosure. The foreclosure sale was held on June 1, 2011. The Trustee's Deed Upon Sale ("Trustee's Deed") was recorded on June 7, 2011, HSBC Bank USA, National Association ("HSBC") was identified as the "foreclosing beneficiary." Movant asserted it had acquired title to the Property from HSBC pursuant to a Grant Deed recorded on August 29, 2016 ("Grant Deed"). In support, Movant attached copies of the following documents to its Stay Relief Motion: (1) a Trustee's Deed; (2) a Notice to Vacate Property, addressed to Debtor and dated July 28, 2016; (3) a complaint for unlawful detainer filed in the Los Angeles County Superior Court, dated August 3, 2016 ("Unlawful Detainer Action"); and (4) a Grant Deed. Through these documents, Movant asserted that Debtor no longer had an interest in the Property.

Debtor separately filed a response ("Response") and an opposition ("Opposition") to the Stay Relief Motion on January 31, 2017. Debtor asserted that the Property was still hers, was worth $500,000 and that she had been current on her payments for over six years. Moreover, Debtor's defense was her argument that the transfer of interest to Movant was fraudulent and that Movant was not a real party in interest and lacked standing to file the Stay Relief Motion. In support, Debtor attached various documents to her Response including a proof of insurance form, a loan account history printout, a mortgage payment declaration, copies of paid cashier's

---

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P"). "L.R." references are to the Local Rules of the United States District Court for the Central District of California. "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

checks, the docket to an adversary proceeding filed by Debtor in this case and a statement of credit denial. None of the documents provided went to prove Debtor's argument of a fraudulent conveyance and Movant's lack of standing.

On February 14, 2017, the Court heard Movant's Stay Relief Motion. Prior to the hearing, the Court issued a tentative ruling on February 13, 2017. Movant appeared through counsel. Debtor did not appear. The Court adopted the tentative ruling as the ruling of the Court. An order was entered on February 16, 2017 granting the Stay Relief Motion for cause under § 362(d)(1) ("Stay Relief Order").

Prior to the hearing on the Stay Relief Motion, on February 10, 2017 Debtor filed a Voluntary Notice of Dismissal of Case ("Dismissal Motion"). No hearing was held on the Dismissal Motion. On February 16, 2017, the Court entered an order with detailed findings dismissing Debtor's case under §§ 109(g)(1), 109(g)(2), 349 and 1307(c), with a 180-day bar to refiling ("Dismissal Order").

On February 24, 2017, Debtor filed the instant Motion. Although Debtor cites no statutory basis for relief, given the substance of the pleading the Court finds that in the Motion the Debtor is seeking reconsideration of the Court's Stay Relief Order and Dismissal Order. Specifically, the Motion requests that relief "be brought back as to the volunteer dismissal," that the Court reconsider its granting of "right to relief of stay" to Movant because, among other reasons, Movant had no standing as a successor in interest, and that the Court "clear the statements of insult" against Debtor from the record. For the following reasons the Court denies the Motion.

## DISCUSSION

**A. Motion to Reconsider Under F.R.Civ.P 59(e), 52(b) and 60(b)**

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure recognize a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to F.R.Civ.P 59(e)[3] or a motion seeking

---

[3] And in cases in which the Court makes findings of fact or conclusions of law under Rule 7052,

-3-

relief from the judgment pursuant to F.R.Civ.P 60(b). *Id*. These rules are made applicable to bankruptcy cases by Rules 9023 and 9024, respectively.[4] Which rule applies to a motion depends on the time a motion is served. *See In re Enron Corp.,* 352 B.R. 363, 366–68 (Bankr. S.D. N.Y. 2006) (the "evident trend in the case law" is to analyze motions for reconsideration of claims as if they were motions under F.R.Civ.P 59 or 60; the standard that applies is "distinguished by the length of time that elapsed between entry of the order and the filing of the motion").

If a motion for reconsideration is filed within fourteen days[5] of the entry of judgment, the motion "is treated as a motion to alter or amend judgment under [F.R.Civ.P] 59(e)." *Am. Ironworks & Erectors, Inc. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001) (citing *United States v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992)); *see also In re Walker,* 332 B.R. 820, 826 (Bankr. D. Nev. 2005). Under F.R.Civ.P 59(e), amendment of a judgment is only justified where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion to amend under F.R.Civ.P 52(b) may be used "to clarify essential findings or conclusions, correct errors of law or fact, or to present newly discovered evidence." 10 Collier on Bankruptcy ¶ 7052.03 (16th ed. 2015) (citing *In re El–Amin*, 252 B.R. 652, 656 (Bankr. E.D. Va. 2000) (the purpose of the rule is to correct an "egregious error of law or fact, not the resubmission of unsuccessful arguments")) (additional citations omitted).

---

the Bankruptcy Rules also recognize a motion to amend or make additional findings. FRBP 7052, incorporating F.R.Civ.P 52(b). Rule 9014(c) makes Rule 7052 applicable to contested matters, and relief from stay motions such as the one at issue here are contested matters. FRBP 4001(a)(1).

[4] Rules 9023 and 9024 incorporate the entire text of Rules 59 and 60 of the Federal Rules of Civil Procedure with changes not relevant here. Accordingly, this order will refer to such rules interchangeably.

[5] F.R.Civ.P 59(e) applies to bankruptcy proceedings pursuant to Rule 9023. Rule 9023 was amended in 2009 to extend the time period for a motion to alter or amend judgment from ten days to fourteen days. *See* Rule 9023.

A party may not use a motion to amend as a vehicle "to present a new legal theory for the first time"; "to raise legal arguments which could have been raised in connection with the original motion"; or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded,* 277 Fed. App'x 718 (9th Cir. 2008); *see also In re Busch*, 369 B.R. 614, 621 (10th Cir. Bankr. 2007). "The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court." *In re JSJF Corp.,* 344 B.R. at 103.

A motion for reconsideration may also be construed as a motion for relief from a judgment under Rule 9024 where the time for filing an appeal has expired. *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992). Rule 9024, which governs relief from a judgment or order, provides that a motion for relief from an order is governed by F.R.Civ.P 60. F.R.Civ.P 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir.1991). In this case Debtor filed the Motion within fourteen days of the applicable Court Orders, so it could be construed as a request under F.R.Civ.P 59(e) or 52(b).

**B. Debtor Has Not Met Her Burden To Obtain Relief From The Stay Relief Order.**

Debtor has presented no newly discovered evidence or an intervening change in controlling law; therefore, to prevail Debtor must show a clear error by the Court or that the ruling resulted in manifest injustice. After review of the record, the Court concludes that there was no clear error in the ruling for the Stay Relief Motion and that the ruling did not result in manifest injustice.

A relief from stay proceeding is a summary proceeding due to the limited scope of relief obtained, the expedited nature of the hearing schedule § 362(e) provides, and the fact that final adjudication of the parties' rights and liabilities will occur only in the future. *See In re Gould,* 401 B.R. 415, 425 n. 14 (9th Cir. BAP 2009); *In re Luz Int'l, Ltd.,* 219 B.R. 837, 842 (9th Cir.

1  BAP 1998); *see also Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 33 (1st Cir. 1994).

2  Section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." Although the Code does not expressly define this term, "cause" for relief from stay under § 362(d)(1) is determined on a case-by-case basis. *In re Kronemyer,* 405 B.R. 915, 921 (9th Cir. BAP 2009).

In California, once a foreclosure sale concludes and the purchaser records the deed in accordance with applicable law, the original trustor or borrower no longer has a legal or equitable interest in the subject property. *See In re Bebensee–Wong,* 248 B.R. 820 (9th Cir. BAP 2000) (construing Cal. Civ.Code § 2924h(c)); *Wells Fargo Bank v. Neilsen*, 178 Cal.App.4th 602, 613-14 (2009); *see also In re Perl*, 811 F.3d 1120 (9th Cir. 2016) (where a nonjudicial foreclosure sale occurred, trustee's deed was timely recorded and purchaser at sale obtained an unlawful detainer judgment and writ, the Ninth Circuit held these events collectively terminated debtor's legal title and right of possession in the property prepetition under California law); 4 Harry D. Miller and Marvin B. Starr, Cal. Real Estate § 10:208 (3d ed. 2009) (under California law, "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor."); *see also* Kathleen P. March and Hon. Alan M. Ahart, California Practice Guide: Bankruptcy, ¶ 8:1196 (2010) ("Where a real property nonjudicial foreclosure was completed *and the deed recorded* prepetition, the debtor has neither equitable nor legal title to the property at the time the bankruptcy petition is filed.") (emphasis in original). Accordingly, upon the original borrower's subsequent bankruptcy filing, "there is no reason not to allow the creditor to repossess because filing a bankruptcy petition after loss of ownership cannot reinstate the debtor's title." California Practice Guide: Bankruptcy, at ¶ 8:1195 (citing § 541(a)). Instead, the debtor is essentially a "squatter," and thus cause for relief from stay is established. *Id.* at ¶ 8:1196.

The duly-recorded Trustee's Deed here provides that HSBC was the presumptive record owner with respect to the Property. *In re Edwards,* 454 B.R. 100 (9th Cir. BAP 2011) (bank moving for relief from stay established that it was the current title owner on the subject property

and thus has standing to seek relief from stay).  Pursuant to its title to the Property, HSBC filed the Unlawful Detainer Action in state court to obtain possession of the Property.  HSBC possessed these interests and rights at a time when Debtor did not have the protection of the automatic stay in spite of her multiple bankruptcy filings.[6]  Thereafter, HSBC as the beneficiary of the Trust Deed conveyed the Property to Movant by way of a Grant Deed and the same was duly recorded.  Accordingly, Movant has established the chain of title to the Property.

Under these facts, the Court finds that Movant satisfied the threshold showing of a colorable claim to an ownership interest in the Property, as well as enforceable rights to the Property thereunder.  In turn, this establishes Movant's status as a real party in interest, as Movant is asserting its own legal rights.  The Court did not err when it concluded that Movant had standing to seek relief from the automatic stay and granted the Stay Relief Motion under § 362(d)(1) for cause.  Further, the Stay Relief Order does not create manifest injustice.  The ruling was correct under applicable law and Debtor has not established how this result is unjust.

**C. The Dismissal Order With a 180-day bar to Refiling was Appropriate.**

The Debtor has presented no newly discovered evidence or indicated a change in controlling law with respect to the dismissal of her case.  Here, too then, Debtor may only obtain relief if the Court committed clear error or there was manifest injustice.  The Court dismissed the case with a 180-day bar to refiling based on the following reasons: (1) Debtor sought dismissal following the filing of a motion for relief from stay; and (2) Debtor's bad faith under the totality

---

[6] The foreclosure sale was held on June 1, 2011 and the Trustee's Deed was recorded on June 7, 2011.  The Unlawful Detainer Action was filed on August 3, 2016.  The Grant Deed was dated August 15, 2016 and recorded on August 29, 2016.

The Court notes that Debtor first filed for relief under chapter 13 of the Code on December 2, 2008, Case No. 08:30737-VZ.  Debtor's first bankruptcy case was dismissed on January 5, 2009 for failure to file schedules.  Other filings, both under chapter 7 and chapter 13, include: (2) Case No. 09-13579-VZ filed on February 18, 2009 and dismissed on April 1, 2009 with a 180-day bar to refiling; (3) Case No. 10-54919-PC filed on October 19, 2010 and discharged on February 2, 2011; (4) Case No. 13-18433-SK filed on April 1, 2013 and dismissed on June 21, 2013; (5) Case No. 13-30122-VZ filed on August 9, 2013 and dismissed on April 17, 2013 with a 180-day bar to refiling; (6) Case No. 15-20254-BR filed on June 26, 2015 under chapter 7 and discharge entered on November 2, 2015.  Debtor filed the instant chapter 13 petition on December 21, 2016.

of the circumstances and willful failure to appear in proper prosecution of her case, including (i) her history of six prior case filings, four of which were dismissed, two with a 180-day bar to refiling; (ii) her submission of documents that include the indicia of fraud based on spelling and/or formatting errors and other characteristics of forged documents; and (iii) her tactical use of the request for case dismissal in multiple cases to avoid the effect of rulings against her. *See* Dismissal Order at 2-3 (Docket No. 43). The Court finds that it did not err in dismissing the case with a 180-day bar to refiling based on § 109(g)(2). This is sufficient in and of itself to support the Court's Dismissal Order with a 180-day bar to refiling.

The text of § 109(g) states that "no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if… (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109(g)(1) and (2). Section 109(g)(1) prohibits refiling by a debtor who has "willfully" failed to abide by order of the court or to appear before the court to prosecute the case. Meanwhile, the purpose of § 109(g)(2) is to prevent abusive filings:

> If it were not for this section, it would be possible for a debtor to delay foreclosure and deny the secured creditor the opportunity to have their rights adjudicated within a reasonable period of time. If the filing of a subsequent premature petition did not toll the running of the 180 days, it would be very simple to render Section 109(g) ineffective and meaningless by the act of dismissing and refiling bankruptcy petitions, whenever foreclosure loomed on the horizon.

*In re Carty,* 149 B.R. 601, 603 (9th Cir. BAP 1993) (quoting *In re Gregory,* 110 B.R. 911, 912 (Bankr. E.D. Mo. 1989)).

Section 109(g)(2) is not jurisdictional in nature and, therefore, the bankruptcy court has discretion to suspend the application of the statute and not dismiss a debtor's case under certain circumstances. *In re Luna,* 122 B.R. 575, 577 (9th Cir. BAP 1992); *see also In re Mendez,* 367 B.R. 109, 116 (9th Cir. BAP 2007) (§ 109 eligibility is not jurisdictional). Nothing on the record indicates that the Court's application of § 109(g)(2) in this case was mechanical, illogical or

unjust under the circumstances. Debtor had the opportunity to challenge the Stay Relief Motion with respect to her Property. Four days prior to the hearing on the Stay Relief Motion, Debtor filed a voluntary motion to dismiss her case rather than deal with the outcome of the Stay Relief Motion.

Section 109(g)(2) is intended to prevent the debtor from controlling the automatic stay without restriction by voluntarily invoking the stay (filing) and voluntarily terminating the stay (dismissing). The section restricts the debtor's invocation of the automatic stay (filing), if, following the filing of a request for relief from the stay, the debtor voluntarily requests and obtains a dismissal of the bankruptcy. *See In re Carty,* 149 B.R. at 603. Those are the facts presented here. Thus, the Court finds that dismissal of debtor's seventh bankruptcy case under § 109(g)(2) with a bar to refiling was appropriate.

Further, the Court concludes that it did not err in entering the Dismissal Order with a 180-day bar to refiling based on bad faith under the totality of the circumstances pursuant to *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) or based on Debtor's tactical use of dismissal to avoid adverse rulings and failure to prosecute the case under sections 109(g)(1) and 349. In its Dismissal Order, the Court noted that this was Debtor's seventh bankruptcy filing within the Central District since 2008. Of the six prior filings, four were dismissed. Two of those dismissals included a 180-day bar to refiling (see Case No. 09-13579-VZ and Case No. 13-30122-VZ). The Court also noted that there was evidence of a pattern by Debtor in prior cases of tactically seeking voluntary dismissal of her case prior to the outcome of a hearing. The Court found this to be evidence of bad faith and warranted relief as well.

Debtor also has requested that the Court clear "statements of insult" against her from the record. The Court concludes that Debtor is referring to the Court's statement in the Dismissal Order that Debtor submitted apparently forged documents and is seeking relief under F.R.Civ.P 52(b) with respect to those findings. The Court first raised the forgery in its tentative ruling on the Stay Relief Motion. Debtor failed to appear at the hearing on the Stay Relief Motion and thus waived any argument to the contrary. In addition, Debtor filed the apparently forged documents with her request to voluntarily dismiss her case. The Court properly considered the

documents in connection with the Dismissal Motion. The Court notes that Debtor did not present evidence, newly discovered or otherwise, with respect to the apparently forged documents. Thus the Motion is denied on this basis as well.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor's Motion is DENIED.

###

Date: May 9, 2017

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge